# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# Case No. 9:18-CV-80515-RLR

TRIGEANT HOLDINGS, LTD., et al.,

   Appellants,

v.

BTB REFINING, LLC,

   Appellee.
_____/

# ORDER DENYING APPELLANTS' RENEWED
# EMERGENCY MOTION FOR STAY PENDING APPEAL

The cause is before the Court on Appellants' Renewed Emergency Motion for Stay Pending Appeal [DE 10]. Appellee filed a Response [DE 12]. For the reasons set forth below, the Motion is denied.

First, although it is unclear, the Court construes Appellants' requests for relief as including a request for a stay pending appeal. "A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant." *In re Sanders*, 544 B.R. 463, 466-67 (Bankr. S.D. Fla. 2016). To obtain such a stay, the movant must demonstrate:

   (1) that the movant is likely to prevail on the merits of the appeal;
   (2) that the movant will suffer irreparable injury if the stay is not granted;
   (3) that other parties will suffer no substantial harm if the stay is granted; and
   (4) in circumstances where the public interest is implicated, that the stay will serve, rather than disserve, the public interest.

*Sanders*, 544 B.R. at 467. Here, the Court does not find it necessary to discuss each of these factors. Instead, upon review of the record the Court agrees with the Bankruptcy Court that Appellants have not met the high burden necessary to warrant a stay pending appeal.

Second, Appellants request that they be relieved of the requirement to post a cash supersedeas bond. Courts have recognized two potential exceptions to the general requirement of a

supersedeas bond: (1) where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and (2) where the requirement would put the defendant's other creditors in undue jeopardy." *Suntrust Bank v. Ruiz*, 2015 WL 11216713, *2 (S.D. Fla. Nov. 6, 2015). "The alleviation of the bond requirement is an extraordinary remedy that requires extraordinary circumstances to justify." *Id.* at *3; *see also Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 2011 WL 4020855, *2 (S.D. Fla. Sep. 9, 2011) (power to waive requirement of supersedeas bond exercised "only in extraordinary circumstances"). Appellants have not demonstrated any such extraordinary circumstances here.

The fact that there is an escrow fund available is not, alone, a sufficient basis to deviate from the typical requirement of a supersedeas bond. *See Pugliese v. Pukka Dev., Inc.*, 2008 WL 1133308, *1 (S.D. Fla. May 13. 2008) (defendant developer's proposal to continue to maintain escrow account where purchaser's deposits were being held was not "good cause warranting a departure from Rule 62(d)'s general requirement for a full supersedeas bond," and defendant required to "post a full supersedeas bond, separate and apart from the escrow."). This is particularly true where the judgment debtor has not provided any other information as to its financial condition. *See Cunningham v. Ariel's Gas & Food Corp.*, 2007 WL 3274451, *1 (S.D. Fla. Nov. 5, 2007) ("Defendant has not made any financial disclosures that would allow me to determine whether it is financially solvent and whether it will remain financially solvent during the appeal."). Here, Appellants have provided no information as to their financial condition, or whether there are other creditors who may be able to make claim to funds in which Appellants have an interest, whether such funds are in Appellants' attorney's trust account or in the court registry. Appellants' proposal fails to provide the assurance or clarity that an appropriate bond from an independent, financially responsible surety is intended to afford.

Third, the Court construes Appellants' requests for relief as including a request that this Court order Appellants' escrowed funds to be withdrawn and deposited into the court registry as the consideration for a supersedeas bond. A Chapter 11 plan is effectively a contract between the debtor and its creditors. *See Iberiabank v. Geisen*, 506 B.R. 573, 577 (S.D. Fla. 2014). Accordingly, a debtor, post-confirmation, is bound by the terms of its confirmed plan, and is not free to use assets governed by the plan, except as permitted by the plan. Here, Appellants' Plan designated that $3.3 million held in a disputed claims reserve was to be used, if necessary, to satisfy Appellants' indemnification obligation.

There is nothing in the Plan, as confirmed by the confirmation order, which authorizes the use of the disputed claims reserve funds for a supersedeas bond. The Bankruptcy Court specifically noted as much at the hearing on the Bankruptcy Stay Motion, and cautioned Appellants that the use of those funds to obtain a bond would be sanctionable:

> There is nothing in the plan which would permit use of the funds that are in the reserve to be used to acquire a supersedeas bond, and they should not be. So please don't put yourself in a position of me having to sanction the debtors, because they are using funds held in escrow under a confirmed plan and confirmation order contrary to the Court's prior order.

(Transcript of April 25, 2018 hearing, P42 L22 – P43 L4). Appellants cannot use the disputed claims reserve under the Plan; indeed, it is the precise opposite of what the Plan requires.

For all of the foregoing reasons, Appellants' Renewed Emergency Motion for Stay Pending Appeal [DE 10] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 2nd day of May, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE